UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATIONSTAR MORTGAGE, LLC,　　　　　　　Case No. 1:16-cv-304
　　　Plaintiff,　　　　　　　　　　　　　　　Black, J.
　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
vs.

LINDA BLAKNEY, et al.,　　　　　　　　　　**REPORT AND**
　　　Defendants.　　　　　　　　　　　　　**RECOMMENDATION**

　　　Defendant Linda Blakney filed a pro se notice of removal of a state court civil action to the United States District Court. By separate Order issued this date, Ms. Blakney has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of Ms. Blakney's notice, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

　　　The removal petition alleges that Ms. Blakney is a party-defendant to a state court mortgage foreclosure action initiated in the Hamilton County, Ohio Court of Common Pleas. The attachments to the petition reflect that Nationstar Mortgage, LLC filed a complaint in foreclosure against Ms. Blakney and others on June 4, 2015. Judgment was entered by the state court on behalf of Nationstar Mortgage, LLC on December 7, 2015. On February 11, 2016, Ms. Blakney filed her petition for removal.

　　　Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court

may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

To the extent Ms. Blakney may be premising removal on the basis of the Court's diversity jurisdiction, Ms. Blakney may not remove the state court action on this basis. The removal statute provides that a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Because the majority of the defendants named in the foreclosure action are Ohio citizens, removal is barred under § 1441(b).

In addition, the Court cannot discern a basis for federal question jurisdiction in this matter. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

2

necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 915.

Ms. Blakney has failed to establish this Court has original federal question jurisdiction over this case. The state court complaint attached to the notice of removal does not show this case arises under the Constitution or laws of the United States. Ms. Blakney appears to contend that the foreclosure action violates her constitutional and civil rights. However, even if Ms. Blakney asserts a federal defense to the state court foreclosure action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914-15. Therefore, Ms. Blakney has failed to meet her burden of showing federal question jurisdiction in this matter.

Accordingly, the Court lacks subject matter jurisdiction over this case. Ms. Blakney's petition for removal should be denied, this matter should be dismissed from the docket of the Court, and the case should be remanded to the state court.

## IT IS THEREFORE RECOMMENDED:

1. Ms. Blakney's petition for removal of a state court action to this federal court should be **DENIED**.

2. This matter should be dismissed from the docket of the Court.

3. This matter should be **REMANDED** to the state court. See 28 U.S.C. § 1447(c).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Ms. Blakney leave to appeal *in forma pauperis*. Ms. Blakney should also be advised that she remains free to apply to proceed *in forma pauperis* in the Court of Appeals. See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 2/16/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATIONSTAR MORTGAGE, LLC,
    Plaintiff,

vs.

LINDA BLAKNEY, et al.,
    Defendants

Case No. 1:16-cv-304
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).