UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC, | : | Case No. 1:16-cv-304 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| LINDA BLAKNEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING DEFENDANT LINDA BLAKNEY'S
## MOTION FOR RECONSIDERATION (Doc. 16)

This civil action is before the Court on Defendant Linda Blakney's motion for reconsideration. (Doc. 16). No responsive memoranda were filed.

On February 17, 2016, Magistrate Judge Karen L. Litkovitz submitted a Report and Recommendations ("R&R") with respect to Defendant Linda Blakney's petition for removal of a state court action to federal court. (Doc. 6). Having determined that this federal court lacked subject-matter jurisdiction over the case, the Magistrate Judge recommended that the petition be denied and that this matter be remanded to state court. (*Id.*)[1] On April 26, 2016, this Court adopted the R&R in its entirety. (Doc. 13). Accordingly, the Court remanded this case to the Hamilton County Court of Common Pleas. (*Id.*; *see also* Doc. 14).

---

[1] The Magistrate Judge also recommended that the Court certify that any appeal of an Order adopting the R&R would not be taken in good faith and therefore deny Blakney leave to appeal *in forma pauperis*. (*Id.*)

Subsequently, Blakney, proceeding *pro se*, filed the instant motion seeking reconsideration of the Court's Order remanding this case.  (Doc. 16).

The Court cannot entertain this motion because once a case has been remanded to state court due to a federal court's lack of subject-matter jurisdiction, the federal court does not have the authority to reconsider its remand order.  28 U.S.C. § 1447(d) (An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . .");[2] *see also Cook v. Lankford*, 17 F. App'x 351, 352 (6th Cir. 2001) ("A remand to state court pursuant to § 1447(c) divests the federal district court of jurisdiction . . ."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999) ("[T]he language in § 1447(d) has been universally construed in other circuits to preclude further reconsideration or review of a district court's order remanding a case, because a remand to state court divests a district court of jurisdiction such that it may not take any further action on the case.").[3]

Moreover, even if the Court had the authority to reconsider its remand order, Blakney's motion would not be well-taken.  The Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration."  In the Sixth Circuit, a timely

---

[2] There are exceptions to this general rule, which are not relevant here.  (*Id.*)

[3] The Court recognizes that in at least one subsequent opinion, the Sixth Circuit held that a district court did *not* err in reconsidering its remand order.  *See Pearson v. Int'l Union*, 99 F. App'x 46, 53 (6th Cir. 2004).  However, in light of the Sixth Circuit decisions cited in the body of this Order, and the substantial number of cases from other circuits finding that § 1447(d) prohibits a district court from reconsidering its remand order, this Court concludes that it lacks jurisdiction to address Blakney's motion for reconsideration.  *See Gibson v. Am. Mining Ins. Co.*, No. CIV.A.08-118, 2008 WL 4858396, at *1 (E.D. Ky. Nov. 7, 2008) (collecting cases and reaching the same result).

motion so styled may be "pursued either under Rule 59(e)—motion to alter or amend—or under Rule 60(b) —relief from judgment or order." *Peake v. First Nat. Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir.1983).  Under either standard, Blakney's motion fails.

Under Federal Rule of Civil Procedure 59(e), a district court may reconsider a prior decision if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Blakney's motion does not demonstrate any of these circumstances.  Instead, Blakney argues that district courts have original and exclusive jurisdiction in *in rem* cases.  (Doc. 16 at 2).  However, the authorities cited by Blakney in support of this contention address jurisdiction with respect to admiralty (maritime) proceedings.  (*Id.* at 2–4).  This is not such a proceeding.  Blakney also argues that the *state court* lacks jurisdiction.  (*Id.* at 4– 6).  Such a claim has no bearing on whether *this* Court has subject matter jurisdiction.

Rule 60(b) sets out six reasons for which the Court may grant relief:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

3

Most grounds for relief under Rule 60(b) "relate to, if not require, new information about the case that could not reasonably have been discovered earlier." *GenCorp. Inc. v. Olin Corp.,* 477 F.3d 368, 372 (6th Cir. 2007). Relief from judgment under Rule 60(b)(6)—the catch-all provision—is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990). Blakney's motion does not relate to any new information about the case nor set forth any exceptional circumstances which warrant relief. (*See generally* Doc. 16).

For the reasons set forth in the R&R (Doc. 6)—which was adopted in its entirety by this Court (Doc. 13)—remand remains appropriate.

Accordingly, for the foregoing reasons, Defendant Linda Blakney's motion for reconsideration (Doc. 16) is **DENIED**.

**IT IS SO ORDERED**.

Date:  6/15/16                                                    *s/ Timothy S. Black*
                                                                              Timothy S. Black
                                                                              United States District Judge